O’NIELL, C. J.
 

 This suit is brought by a firm of architects, claiming, as compensation for services rendered in furnishing plans and
 
 *313
 
 specifications and superintending the work of altering and repairing an old building, 10 per cent of the cost of the work. Alleging that the cost was $40,000, the plaintiffs sued for $4,000; and the civil district court gave judgment accordingly. The defendant has appealed from the decision.' The defense is that, although all of the alterations and repairs that were done cost the defendants approximately $40,000, the part for which the plaintiffs furnished plans and specifications cost only $16,300, and that the plaintiffs therefore are not entitled to more than $1,-630 for their services.
 

 The building wás owned by the Torre Realty Company and was leased to the defendant. Peter Torre, the architect, one of the plaintiffs in this suit, was president of the Torre Realty Company. It was stipulated in the lease that no repairs or material changes should be made in the building without the consent of the lessor, and that “no material changes involving the services of an architect” should be made except under the supervision. of Nolan & Torre, architects, who should be employed by the lessee. When the defendants had decided upon the alterations and repairs which they desired to make, they had preliminary plans made by another firm of architects, and submitted them to Nolan & Torre, who redrafted the plans, prepared specifications, and advertised for bids for the work. The lowest of the bids was $16,300. One of the plaintiffs testified that the lowest bid was “approximately $16,000,” and that it was rejected by the defendant because it was considered too high. The other bids, of course, were rejected for the same reason. The defendant then had the work done under a “cost plus” contract, at no fixed price; and, at the same time, and under the same arrangement, had a great deal more work done, which was not included in the plans made by Nolan & Torre, and was not considered by the defendant as being within the clause in the contract of lease, requiring all “material changes involving the services of an architect” to be made under the supervision of Nolan & Torre. Peter Torre went to the building frequently while the work was going on, but not so much to supervise the material changes which were included in the plans which his firm had made as because of his interest as president of the company owning the building.
 

 There was no formal contract or agreement between the plaintiffs and the defendant, either verbal or in writing. The only reason why the defendant had the plans redrafted and the specifications made by Nolan & Torre was that the contract of lease required that the “material changes involving the services of an architect” should be made under the supervision of Nolan & Torre, architects, who should be employed by the lessee. The defendant’s representatives therefore must have understood, when they submitted their preliminary plans to.Nolan & Torre that the firm was being employed and would have to be paid for their services. The fee or commission of. 10 per cent, on the cost of the work is claimed as being according to the custom of the trade or profession, which in fact it is. But the evidence convinces us that the alterations and repairs that were made beyond what was called for in the plans made by Nolan & Torre were not “material changes involving the services of an architect,” and were therefore not required by the contract of lease to be done under the supervision of Nolan & Torre, architects. That seems to have been the understanding of .the parties while the work was going on, although perhaps no one anticipated that the cost would so far exceed the bids which had been submitted on the work called for in the plans and specifications made by Nolan & Torre. Our conclusion is that the amount of the judgment should be reduced to $1,630.
 

 
 *315
 
 The judgment is amended by reducing the amount to $1,630, and, as amended, is affirmed. The appellees are to pay the costs of appeal and the appellant the costs incurred in the civil district court. •